COX, J.
This criminal appeal arises from the First Judicial District Court, Caddo Parish, Louisiana. The defendant, Dalando Garner ("Garner"), was charged by bill of information with possession of a firearm or carrying of a concealed weapon by a convicted felon, in violation of La. R.S. 14:95.1. Following a jury trial, Garner was found guilty as charged and sentenced to 12 years at hard labor without the benefit of probation, parole, or suspension of sentence; he was also fined $1,000. Garner filed a motion to reconsider sentence, which was subsequently denied by the trial court. He now appeals, arguing that his sentence was excessive and his confession was not knowingly and intelligently made. For the following reasons, we affirm.
FACTS
On May 20, 2013, Shreveport officers with the Caddo-Shreveport Narcotics Task Force conducted a patrol around West Cedar Grove due to recent shootings in the area. During the patrol, Corporal Michael Gerbine observed two black males walking in the middle of the 200 block of West 72nd Street. Upon seeing Corporal Gerbine in his police vehicle, the two men quickly attempted to enter a nearby yard. Corporal Gerbine exited his vehicle and witnessed one of the men run behind a vehicle parked in the yard, remove a handgun from his waistband, and place it under the vehicle.
The man was arrested, and Corporal Gerbine recovered the handgun[1] from under the vehicle. Corporal Gerbine advised the man of his Miranda rights, and the man informed him that he understood. The man was placed in Corporal Rodney Medlin's police vehicle and identified himself as Treviaun Garner (D.O.B. 12/30/94). Garner admitted that the handgun belonged to him and told the officer that he carried the weapon for protection because his cousin had recently been shot.
Garner was transported to the Shreveport City Jail, where he was fingerprinted, and it was determined that he had provided *1155 a false name and date of birth. Garner's real name was Dalando Garner (D.O.B. 12/11/90). The name he had given the arresting officers belonged to his brother.
On June 25, 2013, Garner was charged by bill of information with possession of a firearm or carrying a concealed weapon by a convicted felon, having been previously convicted of aggravated battery on November 16, 2011. At arraignment, Garner pled not guilty and was later granted bail.
On February 8, 2017, prior to the commencement of trial, a free and voluntary hearing was held, and the trial court found that Garner was properly advised of his Miranda rights and made all subsequent statements freely and voluntarily. Thereafter, the jury found Garner guilty as charged. Garner filed motions for a new trial and post-verdict judgment of acquittal, which were denied. No presentence investigation report was ordered.
On March 2, 2017, Garner was sentenced to 12 years at hard labor without the benefit of probation, parole, or suspension of sentence. He was given credit for time served. He was also ordered to pay a $1,000 fine and $250 to the Indigent Defender's Office. On March 30, 2017, Garner filed a motion to reconsider sentence, which was denied. This appeal followed.
DISCUSSION
Garner argues that the sentence imposed by the trial court is excessive. Specifically, he asserts that the trial court erroneously considered his "use" of a firearm as an aggravating factor during his sentencing hearing.
In determining whether a sentence is excessive, the appellate court uses a two-prong test. First, the record must demonstrate that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. State v. Thomas , 51,364 (La. App. 2 Cir. 5/17/17), 223 So.3d 125, writ denied , 2017-1049 (La. 3/9/18), 238 So.3d 450. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. Id. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Fontenot , 51,072 (La. App. 2 Cir. 1/11/17), 211 So.3d 1236. There is no requirement that specific matters be given any particular weight at sentencing. Id.
Second, the appellate court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Turk , 50,990 (La. App. 2 Cir. 11/16/16), 210 So.3d 402, writ denied , 2016-2230 (La. 9/15/17), 225 So.3d 488. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. Id.
A trial court has wide discretion to sentence within the statutory limits. State v. Scott , 50,920 (La. App. 2 Cir. 11/16/16), 209 So.3d 248, writ denied , 2017-0353 (La. 11/13/17), 229 So.3d 478 ). Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. Id.
At the time Garner committed the offense, possession of a firearm or carrying a concealed weapon by a convicted felon was punishable at hard labor for not less than 10 nor more than 20 years without the benefit of probation, parole, or suspension of sentence, and a fine of not less than $1,000 nor more than $5,000.
*1156 At sentencing, the trial court reiterated the facts of the case, highlighting that Garner hid the gun upon seeing police officers but admitted on video to having the gun in his possession. It found that Garner was in need of correctional treatment and that a suspended sentence would deprecate the seriousness of his crime.
The trial court considered the factors under La. C. Cr. P. art. 894.1 and found that Garner's use of a dangerous weapon, as well as his repeated failure to appear in court for his jury trial on two occasions (April 7, 2014, and August 25, 2016, respectively), were aggravating factors. It noted that after Garner's first failure to appear, a bench warrant was issued and bond was set at $20,000. Following Garner's second failure to appear, a bench warrant was issued for his arrest, and he was held in jail without bond pending trial.
With regard to mitigating factors, the trial court noted that Garner's conduct neither caused nor threatened serious harm, and he was carrying the weapon out of concern for his own safety after his cousin had been shot. Despite these concerns, the trial court stated that Garner's fear for his safety failed to justify or establish a defense for his criminal conduct.
Although no presentence investigation report was ordered, the record establishes an adequate factual basis for the sentence imposed. Garner faced a maximum sentence of 20 years at hard labor without benefits and a maximum fine of $5,000. The trial court's lower-range sentence of 12 years without benefits and the mandatory minimum fine of $1,000 is well within the sentencing range and does not shock the sense of justice. We find that the trial court did not abuse its discretion, and this assignment of error is without merit.
In his pro se assignment of error, Garner contends that his incriminating statement was not knowingly and intelligently made because he did not understand his Miranda rights or the consequences of waiving those rights. He states that he was not advised of his Miranda rights and did not sign a "waiver of rights" form. Additionally, Garner contends that without corroboration to support Corporal Gerbine's testimony that Garner admitted he had a gun, such as a written or recorded statement by Garner, there was insufficient evidence to support his conviction.
Generally, for a confession to be admissible into evidence, the State must affirmatively show that the statement was freely and voluntarily given and not made under the influence of fear, duress, intimidation, menace, threats, inducements, or promises. La. R.S. 15:451 ; State v. Wilson , 50,865 (La. App. 2 Cir. 11/16/16), 208 So.3d 999. The State must also show that an accused was advised of his or her constitutional rights, state and federal, and that he understood and knowingly waived those rights. State v. Parker , 48,339 (La. App. 2 Cir. 10/9/13), 124 So.3d 516. Voluntariness is determined on a case-by-case basis, under a totality of the circumstances standard. Id.
The admissibility of a confession is a question for the trial court. State v. Holder , 50,171 (La. App. 2 Cir. 12/9/15), 181 So.3d 918, writ denied , 2016-0092 (La. 12/16/16), 211 So.3d 1166. When determining admissibility, the trial court's conclusions will not be overturned on appeal unless they are not supported by the evidence. Id. Great weight is placed upon the trial court's factual determinations because of its opportunity to observe witnesses and assess credibility. Id. The testimony of the interviewing police officers alone may be sufficient to prove that the defendant's statement was given freely and voluntarily. State v. Jordan , 50,002 (La. App. 2 Cir. 8/12/15), 174 So.3d 1259, writ denied , 2015-1703 (La. 10/10/16), 207 So.3d 408.
*1157 A review of the record establishes that Garner was properly advised of his Miranda rights and that any subsequent statements he made were freely and voluntarily given. At Garner's free and voluntary hearing, Corporal Gerbine and Corporal Medlin testified that Garner was advised of his Miranda rights upon his arrest and prior to giving any statements to police. Both officers confirmed that Garner stated he understood his rights and voluntarily admitted to owning the weapon.
Additionally, a video from the police vehicle was presented to the trial court and showed an officer telling Garner that he had already been Mirandized . Garner then admits the gun belonged to him and that he bought it. Corporal Gerbine stated that roughly 15 to 20 minutes had passed between the time that Garner was advised of his rights and when he admitted to owning the gun. Further, both officers testified that Garner did not appear to be under the influence of drugs or alcohol when he was advised of his rights or when he confessed.
The State thus affirmatively proved that the confession was freely and voluntarily given and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. Although the video did not show the officers informing Garner of his Miranda rights, the judge clearly found the officers' testimony credible. Therefore, the trial court did not err in admitting Garner's confession into evidence.
CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.

The gun was later identified as a Jiminez JA NINE 9mm with the serial number 012791.