Judgment rendered June 29, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,523-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Plaintiff-Appellee

versus

QUINTRAVUIS HOLLOWAY                     Defendant-Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 377,548

Honorable Donald E. Hathaway Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Mary C. Hanes

JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney

TOMMY J. JOHNSON
JASON W. WALTMAN
TRINICIA S. LEONARD
Assistant District Attorneys

* * * * *

Before STEPHENS, HUNTER, and MARCOTTE, JJ.

**MARCOTTE, J.**

This appeal arises following a jury trial of defendant Quintravuis Holloway, from the First Judicial District Court, Caddo Parish, the Honorable Donald E. Hathaway, Jr. presiding.[1] Holloway was convicted of attempted possession of a firearm by a convicted felon and was sentenced to six years at hard labor. Holloway now appeals his conviction and sentence. His appellate counsel has filed a motion to withdraw along with a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So. 2d 241, alleging there are no nonfrivolous issues upon which to base his appeal. This Court held the motion to withdraw in abeyance and allowed Holloway 30 days within which to file a pro se brief. As of this date, no pro se brief has been filed. For the following reasons, appellate counsel's motion to withdraw is granted, and Holloway's conviction is affirmed; his sentence is vacated and remanded to the trial court for re-sentencing.

## FACTS

On August 31, 2020, Holloway was charged by bill of information with possession of a firearm or carrying of a concealed weapon by a convicted felon, in violation of La. R.S. 14:95.1. The offense occurred on July 31, 2020. His bill of information states he was previously convicted of manslaughter on April 26, 2012. Holloway waived arraignment and pled not guilty to the charge.

On January 6, 2021, a free and voluntary hearing was held to determine the voluntariness of statements Holloway made to the police.

---

[1] Prior to trial, this case was presided over by the Honorable Katherine C. Dorroh.

Officer Nyiesha Key ("Off. Key"),[2] of the Shreveport Police Department ("SPD"), testified that on July 31, 2020, she was called to an "armed person call," and when she arrived on the scene, Holloway was there, and another officer took possession of a firearm. Off. Key testified that Holloway said that he was a convicted felon and that he knew he wasn't supposed to have a weapon.

When asked if prior to Holloway stating that he was a convicted felon he was Mirandized, Off. Key stated, "He was Mirandized, handcuffed, and transported to the city jail." Off. Key affirmed that Holloway stated that he understood his *Miranda* rights and that he agreed to waive his rights and speak with the police. Off. Key testified that Holloway did not appear to be under the influence of drugs or alcohol. Off. Key testified that Holloway's confession was recorded on "our mike box and dash cam in our units." Judge Dorroh found that Holloway's statements were freely and voluntarily made and were admissible at trial.

On April 21, 2021, a jury trial presided over by Judge Hathaway commenced. Just prior to the trial, Lieutenant Skylar VanZandt ("Lt. VanZandt"), of SPD, fingerprinted Holloway in open court to use as a known sample for later comparison to fingerprints taken in relation to Holloway's prior felony conviction.

Officer Adam Miller ("Off. Miller"), of SPD, gave the following testimony. On July 31, 2020, he was working patrol when he received a call

---

[2] The transcript of the free and voluntary hearing identifies the officer testifying as "Officer N. Key." A dash cam video of SPD officers' investigation and arrest of Holloway, which was admitted at trial, provides that it is from the patrol unit of "Officer Nyiesha Key." Presumably Officer N. Key and Officer Nyiesha Key are the same person.

about an armed person in the area of West Canal Boulevard and Meadow Avenue in Shreveport, Louisiana. The armed person was described as a black male, wearing a red hat and blue jeans, carrying a shotgun wrapped in a blue shirt. Off. Miller drove his patrol car to Meadow Ave. and observed a person matching the suspect's description standing in the yard of 2706 Meadow. Off. Miller stated that the person in the yard was wearing a red hat and blue jeans, he was not wearing a shirt, and he had a "blue sweatshirt wrapped around a rigid object."

Off. Miller proceeded in his patrol car a few houses down from 2706 Meadow and turned around to park his patrol unit. Off. Miller then saw that the individual who matched the suspect's description no longer had an object in his hands. Off. Miller saw the object wrapped in the blue sweatshirt on the porch of 2706 Meadow. The suspect, Holloway, and Off. Miller started walking toward each other, and Off. Miller engaged the suspect in conversation. Another officer, Officer Sass, retrieved the object wrapped in the sweatshirt from the porch. The object was a "single action break-open 12-gauge shotgun" loaded with one shell of birdshot. Officer Sass also retrieved a bag with 12 shotgun shells that was found with or near the shotgun on the porch. Off. Miller identified the shotgun and bag of shells in court. Off. Miller also identified Holloway as the suspect.

Off. Miller identified statements made by Holloway to the police; an audio and visual recording of the statements was captured by the dash cam from one of the patrol units on the scene and was entered into the record. Defense counsel objected to the admission of Holloway's statements, because there was no foundation for admitting them, as the state had not shown that they were voluntary or that he had been informed of his rights

3

pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

The assistant district attorney responded that Holloway was not under arrest when Off. Miller asked him about the shotgun, and that Off. Miller did not know that Holloway was a convicted felon at that time; therefore, there was no need to Mirandize him. Defense counsel argued Holloway had been detained during questioning as evidenced by the fact that the video showed him with his hands on a patrol unit and three officers surrounding him. The assistant district attorney pointed out that a free and voluntary hearing was held by Judge Dorroh, who determined that Holloway's statements were voluntary. The trial court overruled Holloway's objection, finding that his statements were made prior to his arrest and were made freely and voluntarily.

Holloway can be seen in the video wearing a red hat, no shirt, and blue jeans. There were four SPD officers present when questioning Holloway. Holloway stated that he heard shots nearby, so he exited the house with a shotgun. The video shows an officer retrieving the object from the porch and identifying it as a shotgun; the officer can be heard stating that there was one shell loaded into the firearm. Holloway stated that he had a prior conviction for manslaughter and he knew he was not supposed to have a gun. Holloway was then Mirandized and taken into custody. The shotgun and shells were seized. Off. Miller testified that he was unsure if the shotgun was processed for fingerprints and that if the shotgun was wrapped in a sweatshirt, it would not necessarily have fingerprints on it. The shotgun and bag of shells were entered into the record.

Lt. VanZandt gave the following testimony. Lt. VanZandt stated that he had been with SPD for over 26 years, and is currently commander of the crime scene, domestic violence, and the digital forensics units. Lt. VanZandt testified to his education and training and was tendered, without objections, and accepted as a fingerprint identification expert. Lt. VanZandt compared Holloway's fingerprints taken prior to the commencement of trial to those attached to the bill of information for his previous conviction for manslaughter and confirmed that the prints matched. The bill of information for his prior conviction states that Holloway committed manslaughter on July 11, 2010, and the transcript of his guilty plea for that crime confirms that he pled guilty to that offense on April 26, 2012. The state rested.

Holloway elected not to testify in his own defense, and the defense rested. On April 22, 2021, a unanimous jury found Holloway guilty of the responsive verdict of attempted possession of a firearm by a convicted felon. The trial court did not order a presentencing investigation report.

On May 19, 2021, a sentencing hearing was held. Just prior to his sentencing, Holloway filed a post-verdict judgment of acquittal which was denied. Holloway then affirmed that he was ready to proceed with sentencing. The trial court did not mention the aggravating and mitigating factors found in La. C. Cr. P. art. 894.1. The consideration the trial court gave to Holloway's sentence consists of the following:

THE COURT: Anything from the defense?

[DEFENSE COUNSEL]: Just from the facts of the case, Your Honor, no one got hurt. I know it was a shotgun, and it was a lot of ammunition, but he gave that away to someone else. No one was hurt or injured, and there was no loss to anyone.

5

| | |
|---|---|
| THE COURT: | My problem is that I just don't know why he had a firearm. Why was he walking down the street with a loaded shotgun? I haven't had that answered yet. |
| [DEFENSE COUNSEL]: | Well, Your Honor, he's not that bright. It was a foolish thing to do, walking down the street with a shotgun in the middle of the day even if you're not, you know, possession – even if you don't have a prior conviction. |
| THE COURT: | All right. It's going to be the sentence of the court that you serve six years at hard labor. You will pay a $1,500.00 fine, court costs, and a $50.00 fee for the Indigent Defender's Office representation of you. You'll be given credit for time served. |

The trial court then advised Holloway of his post-conviction relief time limits. On June 21, 2021, Holloway filed a motion to reconsider sentence, arguing that his sentence was excessive and that the trial court did not provide adequate reasons for his sentence under La. C. Cr. P. art. 894.1. On July 29, 2021, the trial court denied the motion without addressing the claims Holloway made concerning the trial court's insufficient reasons for his particular sentence under La. C. Cr. P. art. 894.1, or whether his sentence was excessive. Holloway now appeals his conviction and sentence.

## DISCUSSION

On February 9, 2022, Holloway's appellate counsel filed a motion to withdraw and a brief pursuant to *Anders v. California, supra*, and *State v. Jyles, supra*, alleging that after a thorough review of the record, she could find no non-frivolous issues to raise on appeal. The brief outlines the procedural history and facts of the case, and includes a detailed and

reviewable assessment for both Holloway and this Court as to whether the appeal is worth pursuing. The brief reviews whether Holloway's pre-arrest statements were freely and voluntarily given, whether there is sufficient evidence upon which to base his conviction, and whether his sentence is excessive. Appellate counsel verified that she mailed copies of the motion to withdraw and her brief to Holloway, who has not filed a pro se brief. By this Court's order, the motion to withdraw was held in abeyance and Holloway was granted additional time to file a pro se brief. Holloway has not filed a pro se brief, and the state declined to file a brief.

### *Sufficiency of the Evidence*

It is unlawful for any person who has been convicted of manslaughter to possess a firearm or carry a concealed weapon. To support a conviction for possession of a firearm by a convicted felon, the state must prove: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the 10-year statutory period of limitation; and (4) general intent to commit the offense. *State v. Johnson*, 53,086 (La. App. 2 Cir. 11/20/19), 285 So. 3d 1168. Attempted possession of a firearm by a convicted felon is a responsive verdict to a charge of possession of a firearm by a convicted felon under La. R.S. 14:95.1. *State v. Morris*, 05-290 (La. App. 5 Cir. 11/29/05), 917 So. 2d 633.

The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Johnson, supra*. A reviewing court must consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of

7

fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, *supra*; *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004); *State v. Johnson, supra*.

The court does not assess the credibility of witnesses or reweigh evidence, and accords great deference to the trier of fact's decisions to accept or reject witness testimony in whole or in part. *State v. Lensey*, 50,242 (La. App. 2 Cir. 11/18/15), 182 So. 3d 1059, *writ denied*, 15-2344 (La. 3/14/16), 189 So. 3d 1066. Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. *State v. Glover*, 47,311 (La. App. 2 Cir. 10/10/12), 106 So. 3d 129, 134, *writ denied*, 12-2667 (La. 5/24/13), 116 So. 3d 659.

The record provides sufficient evidence to support a conviction of attempted possession of a firearm or carrying a concealed weapon by a convicted felon. Here, Off. Miller testified that he witnessed Holloway in the yard at 2706 Meadow with a rigid object wrapped in a blue shirt or sweatshirt. Off. Miller stated that, after turning his patrol unit around and parking, he saw that Holloway no longer had the rigid object wrapped in the shirt, but he saw the object on the porch of 2706 Meadow. Another officer retrieved the rigid object and identified it as a firearm. Lt. VanZandt matched Holloway's fingerprints to those taken following his guilty plea to manslaughter which occurred in 2012. Holloway also stated that he had a prior conviction for manslaughter.

It is clear that the jury believed the testimony of the officers, which established that Holloway was in possession of a firearm; had the general

8

intent to commit the offense; and had a previous conviction for manslaughter, which occurred within ten years of the instant offense.

***Holloway's Pre-arrest Statements***

Before what purports to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. La. R.S. 15:451. Voluntariness is determined on a case-by-case basis, under a totality of the circumstances standard. *State v. Garner*, 52,047 (La. App. 2 Cir. 6/27/18), 250 So. 3d 1152, *writ denied*, 18-1290 (La. 2/25/19), 266 So. 3d 288.

The admissibility of a confession is a question for the trial court. *Id.*; *State v. Holder*, 50,171 (La. App. 2 Cir. 12/9/15), 181 So. 3d 918, *writs denied*, 16-0092 (La. 12/16/16), 211 So. 3d 1166, 16-0056 (La. 12/16/16), 212 So. 3d 1176. When determining admissibility, the trial court's conclusions on the credibility and weight of testimony relating to the voluntary nature of the confession will not be overturned on appeal unless they are not supported by the evidence. *Id.* Great weight is placed upon the trial court's factual determinations because of its opportunity to observe witnesses and assess credibility. *State v. Garner, supra*. The testimony of the interviewing police officers alone may be sufficient to prove that the defendant's statement was given freely and voluntarily. *Id.*; *State v. Jordan*, 50,002 (La. App. 2 Cir. 8/12/15), 174 So. 3d 1259, *writ denied*, 15-1703 (La. 10/10/16), 207 So. 3d 408.

*Miranda* warnings are not required when officers conduct preliminary, non-custodial, on-the-scene questioning to determine whether a crime has been committed, unless the accused is subjected to arrest or a

significant restraint short of formal arrest. *State v. Shirley*, 08-2106 (La. 5/5/09), 10 So. 3d 224. Thus, an individual's responses to on-the-scene and noncustodial questioning, particularly when carried out in public, are admissible without *Miranda* warnings. *Id.* Although an individual detained in a *Terry*[3] stop based on reasonable suspicion has had his freedom of movement curtailed in a significant way, until an arrest actually occurs, these Fourth Amendment seizures do not constitute custody for *Miranda* purposes. *State v. Shirley, supra.*

Here, Off. Miller approached and questioned Holloway, because he matched the description given in the armed person call, and Off. Miller observed him holding what appeared to be a shotgun wrapped in a blue shirt or sweatshirt. Holloway can be seen on the dash cam video leaning on the front of a police unit speaking with SPD officers who are asking him questions about the firearm and his criminal history. Holloway was not handcuffed. While Off. Key gave conflicting statements at the free and voluntary hearing, Judge Hathaway was not the ruling judge at that hearing, and he did not rely on Off. Key's statements in making his determination that Holloway's pre-arrest statements were freely and voluntarily made. We concur that Holloway's statements to the police were freely and voluntarily made.

*Excessive Sentence*

La. R.S. 14:95.1(B) provides the following sentencing range for attempted possession of a firearm by a convicted felon:

> Notwithstanding the provisions of R.S. 14:27, whoever is found guilty of attempting to violate the provisions of this Section

---

[3] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

10

shall be imprisoned at hard labor for not more than seven and one-half years and fined not less than five hundred dollars nor more than two thousand five hundred dollars.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article in particularizing the sentence to the defendant. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. West*, 53,526 (La. App. 2 Cir. 6/24/20), 297 So. 3d 1081. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. West*, *supra*.

However, criminal sentences must be individualized to be compatible with offenders as well as offenses. *State v. Jones*, 398 So. 2d 1049 (La. 1981). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *Id.*; *State v. West*, *supra*.

There is no requirement that specific matters be given any particular weight at sentencing. *State v. Shumaker*, 41,547 (La. App. 2 Cir. 12/13/06), 945 So. 2d 277, *writ denied*, 07-0144 (La. 9/28/07), 964 So. 2d 351. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, *supra*; *State v. DeBerry*, 50,501

11

(La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208.

The sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Duncan*, 47,697 (La. App. 2 Cir. 1/16/13), 109 So. 3d 921, *writ denied*, 13-0324 (La. 9/13/13), 120 So. 3d 280. Nevertheless, this discretion is not unbridled. *State v. Quebedeaux*, 424 So. 2d 1009 (La. 1982). When considered in light of the particular defendant and the circumstances of the particular crime, a sentence may be found to be excessive even if it falls within the statutory limit. *Id*.

Maximum sentences are generally reserved for the most egregious and blameworthy offenders in a class. *State v. Cozzetto,* 07-2031 (La. 2/15/08), 974 So. 2d 665; *State v. Sandifer*, 54,103 (La. App. 2 Cir. 12/15/21), 330 So. 3d 1270; *State v. Cotten*, 50,747 (La. App. 2 Cir. 8/10/16), 201 So. 3d 299. The trial court nevertheless remains in the best position to consider the

12

aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996); *State v. Jackson*, 51,575 (La. App. 2 Cir. 9/27/17), 244 So. 3d 764.

For his conviction of attempted possession of a firearm by a convicted felon, Holloway faced a term of imprisonment at hard labor of up to 7 1/2 years, and a fine of $500.00 to $2,500.00.

The record in this case does not show the trial court considered the guidelines of La. C. Cr. P. art. 894.1 in particularizing the sentence to Holloway, as the court did not mention the article in any respect during Holloway's sentencing. While the trial court was not required to consider each and every factor or apply certain weight to specific factors, the record does not reflect which, if any, factors the trial court considered.

Moreover, the record contains little to no information about Holloway, including his personal life, family, education, employment background, or any other possible mitigating or aggravating factors. The trial court did not avail itself of a presentence investigation to aid its sentencing of Holloway. Therefore, we must conclude that Holloway's sentence was imposed in violation of La. C. Cr. P. art. 894.1.

Because the first prong of this court's analysis regarding the excessiveness of Holloway's sentence is clearly not satisfied, discussion of the second prong is pretermitted. We cannot determine whether or not Holloway is the worst and most egregious offender worthy of the near maximum sentence he received without knowing the basis on which the trial court imposed that sentence. Accordingly, Holloway's conviction is

13

affirmed, and his sentence is vacated; the matter is remanded to the trial court for resentencing.

## CONCLUSION

For the foregoing reasons, the conviction of defendant, Quintravuis Holloway, is affirmed; his sentence is vacated, and the matter is remanded to the trial court for resentencing. Appellate counsel's motion to withdraw at attorney of record is granted.

**CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING; MOTION TO WITHDRAW GRANTED.**