Judgment rendered September 27, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,261-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JUSTIN D. GRIMSLEY                          Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 21CR32258

Honorable Amy Burford McCartney, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Sherry Watters

JUSTIN D. GRIMSLEY                          Pro Se

CHARLES BLAYLOCK ADAMS              Counsel for Appellee
District Attorney

ETHAN ARBUCKLE
Assistant District Attorney

* * * * *

Before STONE, STEPHENS, and MARCOTTE, JJ.

**STONE, J.**

This criminal appeal arises from the 42nd Judicial District Court, the Honorable Amy B. McCartney presiding. After a jury trial, Justin D. Grimsley (the "defendant") was convicted of three felonies: (1) one count of possession of methamphetamine, in violation of La. R.S. 40:967(C)(2); (2) one count of attempted illegal possession of a firearm while in possession of CDS in violation of La. R.S. 14:27; and (3) one count of attempted possession of a firearm by a convicted felon in violation of La. R.S. 14:27. The defendant was adjudicated a fifth felony offender and, in effect, was sentenced to 40 years at hard labor. He appeals his convictions and sentences. For the following reasons, we affirm both the convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

On the date of the subject offenses, the defendant was on probation for his January 6, 2020, conviction of simple robbery. As part of his probation, the defendant was required to report monthly to his probation supervisor. When the defendant missed his scheduled appointment, his probation officer Agent Russell Haynes ("Agent Haynes") decided to visit the defendant's home. On December 14, 2021, Agent Haynes and Agent Joseph Black ("Agent Black") arrived at the residence in the early morning and knocked on the door. Agent Haynes and Agent Black identified themselves as probation officers through the door to the defendant's mother, who eventually allowed them into the house.

Upon entering the home, the agents saw the defendant sleeping in a broken chair on the floor. Agent Haynes called the defendant's name loudly, and the defendant eventually responded. Agent Haynes asked him to

stand up and walk towards them.  As the defendant walked towards Agent

Haynes, he noticed in plain view baggies that appeared to contain

methamphetamine, a hollowed-out pen that was made into a plastic straw, a

light bulb, a spoon, a lighter, and contraband on the table near where the

defendant was lying.  They detained the defendant on the sofa in the living

room and informed him that they would search the rest of the home.

Upon further search, the probation officers discovered shell casings,

and a double-barrel shotgun.  The probation officers summoned the DeSoto

Parish Sheriff's Office ("DPSO").  While the probation officers waited for

the DPSO officers to arrive, Agent Haynes and Agent Black discussed

placing the shotgun in Agent Haynes' vehicle.  The defendant stated, "You

can't take that shotgun, my daddy gave it to me."  Agent Black and Agent

Haynes differed in their testimony regarding whether the defendant said this

in response to a question or instead as an interjection to the agents'

conversation.

The record does not contain any written or oral motion to suppress.

However, on the trial date, but before trial commenced, the court held a free

and voluntary hearing regarding the defendant's statement, "You can't take

that shotgun, my daddy gave it to me."[1]   In the hearing, Agent Haynes was

the only witness to testify; his testimony is summarized in the remainder of

this paragraph.  Upon seeing the methamphetamine, the probation officers

placed handcuffs on the defendant and ordered him to sit on the couch while

---

[1] Regardless of whether the defense makes any motion, La. R.S. 15:451 requires a
hearing to determine whether a confession was freely and voluntarily made before it may
be introduced at trial. In contrast, La. C.Cr.P. art. 703 requires that the defense timely
make a proper motion to suppress in order to place *suppression* (i.e., exclusion of
otherwise admissible evidence derived from violation of *Miranda* or the Fourth
Amendment) before the court.

they continued to search the residence. Further search revealed the shotgun. While the agents were discussing removing the gun from the home, the defendant overheard and made the statement as an interjection, not an answer to a question. Agent Haynes admitted that the defendant had not been Mirandized prior to making the statement. Defense counsel then raised the suppression issue by arguing that the defendant's statement was made in response to custodial interrogation, which, if true, would be grounds for suppression under *Miranda*. Without explicitly addressing the *Miranda* issue raised by the defense, the trial court ruled that the statement was admissible, commenting that it was freely and voluntarily made, and satisfied the excited utterance exception to the hearsay rule.

At trial, Agent Haynes and Agent Black both testified. Contrary to Agent Haynes' free and voluntary hearing testimony and trial testimony, Agent Black testified that Agent Haynes *asked* the defendant whose gun it was and that the defendant stated that it was his gun and it was given to him by his father. Agent Haynes testified in accordance with his free and voluntary hearing testimony. He further stated that he did not recall asking the defendant whether the shotgun belonged to him, and explained that he had *no need* to ask. Agent Haynes believed that, because of the circumstances, the probation officers were justified in seizing the gun regardless.

The defendant testified that he struggled with substance abuse (methamphetamine) for years, and that he had several felony convictions, including three for methamphetamine. The defendant further testified that he last shot the gun when he was fifteen or sixteen years old. The defendant testified that he received his first felony conviction at the age of nineteen and

3

all those guns were transported from the home he lived in on the date of the incident to his older brother's home in Texas. The defendant stated that he was not aware that the 20-gauge double barreled shotgun was in the home that he shared with his mother, and that he thought the gun was sent to Texas with the other guns. He also admitted that he knew the methamphetamine was in the home because he had smoked some two days prior.

At the conclusion of the two-day trial, the defendant was found guilty as aforementioned. On August 19, 2022, the state filed a fourth felony habitual offender bill against the defendant. The bill alleged that the defendant had three prior felony convictions for possession of CDS in violation of La. R.S. 40:967(C)(2), and one conviction of simple burglary in violation of La. R.S. 14:65. After a hearing, the court adjudicated the defendant as a fourth felony offender. The court ordered pre-sentence investigation report ("PSI"), which is in the record. It details the defendant's extensive criminal history, including his seven prior felony convictions: (1) felony theft (2002); (2) possession of marijuana second offense (2010); (3) burglary of a building (2013); (4) possession of schedule II CDS (2017); (5) possession of schedule II CDS (2017); (6) possession of schedule II CDS (2019); and (7) simple robbery (2020). It also reported a barrage of misdemeanor convictions.

For attempted possession of a firearm in conjunction with methamphetamine, the defendant was sentenced to forty years as a fifth felony offender under the Habitual Offender Law (La. R.S. 15:529.1(A)(4)(a) in particular).[2] The defendant also received a maximum

_____

[2] The predicate offenses included simple robbery, a crime of violence under La. R.S. 14:2(B), which causes application of this particular sentencing provision.

4

sentence of five years at hard labor for possession of methamphetamine, and a sentence of seven and one-half years and a fine of $500 plus court costs for attempted possession of a firearm by a convicted felon. The trial court decreed that the sentences will run concurrently, making the effective sentence 40 years of incarceration at hard labor.

On September 26, 2022, the defendant filed a motion to reconsider sentence, which the trial court denied without a hearing. The defendant appeals his convictions and sentences, urging the following assignments of error: (1) the trial court erred in denying the suppression of the defendant's confession; and (2) the trial court imposed an excessive sentence.

**Motion to Suppress**

In his first assignment of error, the defendant contends that the trial court erred in denying his motion to suppress. He argues that the statement was not admissible because it was obtained in violation of *Miranda*. In addition, the defendant contends that he was incoherent, and the statement "You can't take that shotgun, my daddy gave it to me" was not free and voluntary.

La. C.E. art. 103, pertaining to rulings on evidence, states:

> A. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
> B. When the ruling is one admitting evidence, a timely objection or motion to admonish the jury to limit or disregard appears of record, stating the specific ground of objection.

Regarding a motion to suppress evidence, La. C.Cr.P. art. 703 in relevant part provides:

> B. A defendant may move on any constitutional ground to suppress a confession or statement of any nature made by the defendant.

5

C. A motion filed under the provisions of this Article must be filed in accordance with Article 521, unless opportunity therefor did not exist or neither the defendant nor his counsel was aware of the existence of the evidence or the ground of the motion, or unless the failure to file the motion was otherwise excusable. The court in its discretion may permit the filing of a motion to suppress at any time before or during the trial.

D. On the trial of a motion to suppress filed under the provisions of this Article, the burden of proof is on the defendant to prove the ground of his motion, except that the state have the burden of proving the admissibility of a purported confession or statement by the defendant…

E. (1) An evidentiary hearing on the motion to suppress shall be held only when the defendant alleges facts that would require the granting of relief…

F. A ruling prior to trial on the merits, upon a motion to suppress, is binding at trial. Failure to file a motion to suppress evidence in accordance with this Article prevents the defendant from objecting to its admissibility at the trial on the merits on a ground assertable by a motion to suppress.

Before the state may introduce a confession into evidence, it must demonstrate that the statement was free and voluntary and not made under the influence of fear, duress, intimidation, menace, threats, inducements or promises. La. R.S. 15:451; La. C.Cr.P. art. 703(D). Voluntariness is determined on a case-by-case basis, under a totality of the circumstances standard. *State v. Garner*, 52,047 (La. App. 2 Cir. 6/27/18), 250 So. 3d 1152, *writ denied*, 18-1290 (La. 2/25/19), 266 So. 3d 288. Spontaneous and voluntary statements not made as a result of police interrogation or compelling influence are admissible in the absence of *Miranda* warnings even if the accused is in custody. *State v. Foret,* 96-281, p. 29 (La .App. 5 Cir. 11/14/96), 685 So. 2d 210, (citing *State v. Thompson,* 399 So. 2d 1161 (La.1981)). A trial court's finding as to the free and

6

voluntary nature of a statement carries great weight and will not be disturbed unless not supported by the evidence. *State v. Benoit,* 440 So. 2d 129 (La. 1983). Credibility determinations lie within the sound discretion of the trial court and its rulings will not be disturbed unless clearly contrary to the evidence. *State v. Vessell,* 450 So. 2d 938, 943 (La. 1984).

In *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), the United States Supreme Court held that the prosecution may not introduce at trial a statement stemming from *custodial interrogation* of a defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. *Miranda* applies when a person is questioned (i.e., interrogated) by law enforcement while in police custody (or otherwise deprived of his freedom of action in any significant way).

In *United States v. Deaton,* 468 F.2d 541, 544 (5th Cir. 1972), *cert. denied*, 410 U.S. 934, 93 S. Ct. 1386, 35 L. Ed. 2d 597 (1973), the court held that *Miranda* applied to custodial interrogation by the defendant's parole officer for purposes of prosecution for a new offense (as opposed to a parole revocation).

In this case, the prosecution carried its burden of proving at the *free and voluntary hearing* (which the defense attempted to transform *ad hoc* into an La. C.Cr.P. art. 703 suppression hearing) the admissibility of the defendant's confession under La. R.S. 15:451. The state's evidence (additionally) proved there was no Miranda violation. Agent Haynes' testimony, if accepted as true, proved that the confession was spontaneous—i.e., not the product of interrogation. Furthermore, it was internally consistent and was not contradicted by any other evidence

7

introduced at the free and voluntary hearing. (Indeed, no other evidence was even sought to be introduced therein). Therefore, the trial court cannot have erred in accepting Agent Haynes' testimony as true.

Agent Black's *trial* testimony that the confession was made in response to interrogation cannot be considered for purposes of reviewing the trial court's ruling of admissibility at the conclusion of the free and voluntary hearing. La C.Cr.P. art. 703(F).

The trial court was correct in ruling the defendant's statement was admissible.

**Excessive Sentence**

In his second assignment of error, the defendant argues that his aggregate sentence of 40 years of incarceration is "cruel and unusual punishment" under the Eighth Amendment to the Federal Constitution and Article 1, Section 20 of the Louisiana Constitution. The defendant also contends that the trial court failed to provide sufficient reasons for the imposition of maximum sentences. He asserts that his drug addiction was not considered a mitigating factor pursuant to La. C.Cr.P. art. 894.1.

Regarding a defendant with four or more felony convictions including at least one crime of violence, La. R.S. 15:529.1(A)(4)(a) commands that the sentence for the instant conviction be no less than 20 years and no more than life. La. R.S. 14:27 provides the definition and punishment for the crime of *attempting* to commit a crime. Subsection (D)(3) thereof is the applicable sentencing provision. It dictates that the sentence for attempt can be no more than half of the maximum sentence possible for the crime attempted. La. R.S. 14:95(E) provides a sentencing range of 5 to 10 years of incarceration at hard labor and a fine of $10,000 or less. La. R.S. 14:95.1

8

mandates a sentencing range of 5 to 20 years at hard labor and a mandatory fine of $1,000 to $5,000.

La. R.S. 40:967(C)(2) carries a sentencing range of 1 to 5 years with or without hard labor and an optional fine up to $5,000.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. West*, 53,526 (La. App. 2 Cir. 6/24/20), 297 So. 3d 1081; *State v. Sandifer*, 53,276 (La. App. 2 Cir. 1/15/20), 289 So. 3d 212; *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332. The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C.Cr.P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. Lee*, 53,461 (La. App. 2 Cir. 4/22/20), 293 So. 3d 1270, *writ denied*, 20-00582 (La. 10/14/20), 302 So. 3d 1113; *State v. Payne*, 52,310 (La. App. 2 Cir. 1/16/19), 262 So. 3d 498; *State v. DeBerry*, *supra*. The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996); *State v. West*, *supra*; *State v. Valadez*, 52,162 (La. App. 2 Cir. 8/15/18), 251 So. 3d 1273; *State v.*

*Jackson*, 51,575 (La. App. 2 Cir. 9/27/17), 244 So. 3d 764; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, *supra*. The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v. Parfait*, 52,857 (La. App. 2 Cir. 8/14/19), 278 So. 3d 455, *writ denied*, 19-01659 (La. 12/10/19), 285 So. 3d 489.

Second, an appellate court must determine if the sentence is constitutionally excessive. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1. A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. *State v. Bonanno*, 384 So. 2d 355 (La. 1980); *State v. Smith*, *supra*. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. West*, *supra; State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208.

The sentencing court has wide discretion to impose a sentence within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Allen*, *supra*. On review, an appellate court does not determine whether another sentence may have been

more appropriate, but whether the trial court abused its discretion. *State v. Williams*, *supra*; *State v. Tubbs*, 52,417 (La. App. 2 Cir. 11/20/19), 285 So. 3d 536, *writ denied*, 20-00307 (La. 7/31/20), 300 So. 3d 404, *on recons.,* 20-00307 (La. 9/8/20), 301 So. 3d 30, and *writ denied,* 20-00307 (La. 9/8/20), 301 So. 3d 30.

Because the trial court ordered that the sentences for each of the defendant's three instant felony convictions run concurrently, he received, in effect, a 40-year sentence. In light of the defendant's seven prior felony convictions (and record of juvenile delinquency and misdemeanors), this sentence is more than adequately supported by the record, and is not constitutionally excessive. The defendant's record indicates an extremely high likelihood that he would commit more felonies if allowed the chance. His prior felony convictions include theft (2002), burglary (2013), and robbery (2020), which shows that he is substantially worse than a mere drug addict. It shows his enduring and emphatic refusal to respect the rights of other people. The trial court did not err in sentencing the defendant.

## CONCLUSION

The defendant's convictions and sentences are **AFFIRMED.**